

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| VICTOR NOE ORTIZ-DELVALLE, | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 0:17-3296-MGL |
| | § | |
| WARDEN RANDAL WILLIAMS, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S PETITION**

Petitioner Victor Noe Ortiz-Delvalle (Ortiz-Delvalle) filed this case as a 28 U.S.C. § 2254 petition. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent Warden Randal Williams's (Williams) motion for summary judgment be granted and Ortiz-Delvalle's petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 10, 2018, the Clerk of Court filed Ortiz-Delvalle's objections on September 13, 2018, and Williams filed his response to the objections on September 27, 2018. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Petition raises the following two issues in his petition, quoted verbatim:

> **Ground One:** Actual Innocence[.] Petitioner is actually innocent of [Criminal Sexual Conduct (CSC)] with a minor, first degree.
>
> . . . .
>
> **Ground Two:** Actual Innocence[.] Petitioner is factually innocent of the alleged offense—CSC with minor in the first degree.

Petition 6-8. The Magistrate Judge suggests Williams is entitled to summary judgment on both grounds inasmuch as Ortiz-Delvalle's first ground for relief is not a cognizable claim in a federal habeas petition; and his second ground for relief is procedurally barred because he failed to raise his claim in Ground Two to the state court on collateral review.

Ortiz-Delvalle makes six objections to the Report. First, he objects to the summary judgment standard as employed by the Magistrate Judge. Ortiz-Delvalle misapprehends the application of the summary judgment standard to his case.

Ortiz-Delvalle appears to argue there are genuine issues of material fact as to his underlying conviction and sentence such that the granting of summary judgment would be improper. But, the issues before the Magistrate Judge when she applied the summary judgment standard were whether there was a genuine issue of material fact (1) concerning Ortiz-Delvalle's first ground for relief being a cognizable claim in a federal habeas petition; and (2) regarding if his second ground for

relief is procedurally barred. She was not reviewing the facts regarding his state conviction and sentence. Therefore, the Court will overrule this objection.

Second, Ortiz-Delvalle objects to the Magistrate Judge's application of the habeas corpus standard. He is mistaken.

Section 2254(d)(2) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> . . .
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254. According to Ortiz-Delvalle, the Magistrate Judge "made an unreasonable determination of the facts[.]" Objections 5. This allegation is conclusory, misplaced, and incorrect. As such, the Court will also overrule this objection.

Third, Ortiz-Delvalle appears to object to the Magistrate Judge's application of the law concerning procedural default and exhaustion to Ground Two of his petition. According to these doctrines, the Court may consider only those issues that have been properly presented to the state courts with jurisdiction to decide them. The Magistrate Judge applied the applicable law correctly.

Instead of arguing why he thinks the Magistrate Judge erred in suggesting his second ground is procedurally barred because he failed to raise it to the state court, Ortiz-Delvalle quarrels about the facts of his underlying conviction and sentence. But, the issue before the Court is the soundness of the Magistrate Judge's recommendation his second ground is procedurally barred. Inasmuch as Ortiz-Delvalle's objection is not on point, the Court will overrule this objection, too.

Fourth, Ortiz-Delvalle maintains the Magistrate Judge erred in recommending his first ground for relief is not a cognizable claim in a federal habeas petition. The Court disagrees.

In Ground One, Ortiz-Delvalle contends he is actually innocent of the charged offense–criminal sexual conduct with a minor in the first degree–because the facts presented by the solicitor at the plea hearing were insufficient to meet the offense's element of "sexual battery," as that term is defined in S.C. Code Ann. § 16-3-651(h). Thus, the only legal issue raised by this claim is a question of the interpretation of state law.

"[F]ederal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted) (internal quotation marks omitted).

More specifically, "[n]orrmally the sufficiency of evidence . . . in state trials [is a matter] of state law not involving federal constitutional issues. . . . It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal." *Faust v. State of N.C.*, 307 F.2d 869, 871 (4th Cir. 1962) (citation omitted) (internal quotation marks omitted). Inasmuch Ortiz-Delvalle fails to present a situation showing an impugnment upon fundamental fairness or an infringement upon his specific constitutional protections, the Court holds Ground One is not cognizable because it fails to raise an issue of federal law. Hence, the Court will overrule this objection as well.

Fifth, Ortiz-Delvalle takes issue with the Magistrate Judge terminating as moot his motion for an independent analysis on his CSC charge. But, even if the motion were not moot, it would be

denied. It is outside this Court's province to order such an analysis in this habeas action. Accordingly, this objection is overruled, too.

Sixth, Ortiz-Delvalle makes claims of new evidence. These contentions lack any merit. So do his assertions of innocence. Therefore, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Ortiz-Delvalle's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Williams's motion for summary judgment is **GRANTED** and Ortiz-Delvalle's petition is **DENIED**.

Ortiz-Delvalle requests for a hearing and a motion for a certificate of appealability are also both **DENIED**.

**IT IS SO ORDERED**.

Signed this 5th day of October, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.